**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 44.]**

CLEVELAND BAR ASSOCIATION *v*. SWEENEY.

**[Cite as *Cleveland Bar Assn. v. Sweeney*, 1995-Ohio-125.]**

*Attorneys at law—Misconduct—Indefinite suspension with any future reinstatement conditioned on restitution—Conviction of felony theft— Converting funds collected on behalf of clients.*

(No. 95-1198—Submitted September 13, 1995—Decided November 22, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-77.

———————————

{¶ 1} In a complaint filed on December 5, 1994, relator, Cleveland Bar Association, charged respondent, John T. Sweeney of Rocky River, Ohio, Attorney Registration No. 0023564, with eleven counts of professional misconduct involving violations of, *inter alia*, DR 1-102(A)(1) (violation of Disciplinary Rule), 1-102(A)(4) (conduct involving fraud, deceit, dishonesty, or misrepresentation), 6-101(A)(3) (neglect of an entrusted legal matter), 7-101(A)(2) (failure to carry out contract for employment), 9-102(B)(1) (failure to promptly notify client of receipt of client's funds), and 9-102(B)(4) (failure to promptly pay client funds client is entitled to receive). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court heard the matter on March 30, 1995.

{¶ 2} The parties stipulated to most of the facts alleged in the complaint, and respondent admitted having violated the cited Disciplinary Rules, with the exception of the DR 7-101(A)(2). The stipulations established that respondent opened a practice in commercial collections in 1985, two years after his admission to the Ohio Bar. In 1994, respondent pled guilty to nine counts of felony theft, in violation of R.C. 2913.02, for having converted funds collected on behalf of clients. Respondent also converted collected funds for at least ten other clients, although he

is apparently not the subject of criminal prosecutions for these thefts. The total losses sustained by respondent's clients is somewhere between $28,000 and $45,000.

{¶ 3} On June 17, 1994, respondent was sentenced to one and one-half years for six of the felony counts and to two years for the other three felony counts, with the sentences to run concurrently. Respondent received credit for time served and, apparently, with good behavior, was released from incarceration on January 18. 1995. He is currently on parole until March 2, 1996 and is obligated to make restitution to his clients, for whose benefit the Clients' Security Fund has already paid at least $28,000 in claims. On September 2, 1994, respondent was suspended indefinitely from the practice of law pursuant to Gov.Bar R. V(5)(A)(3) (automatic suspension for felony conviction).

{¶ 4} From this evidence, the panel concluded that respondent had violated DR 1-102(A)(1) and (4); 6-101(A)(3); 7-101(A)(2); and 9-102(B)(1) and (4). In recommending a sanction for this misconduct, the panel considered that respondent had operated a thriving practice prior to the events at issue; however, around 1990, he misjudged the business climate for collections and became overextended due, in part, to his installation of an unreliable computer system and the bankruptcy of the company retained to service the system. The panel observed that respondent, who had no history of substance abuse, had "simply got[ten] in over his head" and had been unable to repay the funds he was floating from one creditor to another. The panel also noted that respondent used these funds mainly to pay his employees' salaries, and not to improve what eventually became his own meager lifestyle. Finally, the panel considered the testimony and correspondence of several favorable character witnesses, and it was particularly impressed with the statements of respondent's ex-wife, from whom he was divorced in 1991. Sara Sweeney testified that respondent had been a respected, hard-working, and ethical attorney

prior to the financial trouble he experienced beginning in 1990, and she was confident that he could be so again.

{¶ 5} Relator recommended that respondent be permanently disbarred; respondent recommended an indefinite suspension. After reviewing a number of cases in which attorneys received indefinite suspensions for conduct similar to respondent's, the panel recommended that respondent be suspended indefinitely from the practice of law, with any reinstatement being conditioned upon his restitution to the Clients' Security Fund. The board adopted the panel's report, including its findings of fact, conclusions of law and recommendation.

———————————

*Ulmer & Berne* and *Kenneth A. Bravo;Dworken & Berstein Co., L.P.A.,* and *Alec Berezin*, for relator.

*Charles W. Kettlewell*, for respondent.

———————————

***Per Curiam.***

{¶ 6} Upon review of the record, we concur in the board's findings of misconduct and its recommendation. Respondent is therefore suspended indefinitely from the practice of law in Ohio, and his reinstatement is conditioned upon proof of complete reimbursement to the Clients' Security Fund. Moreover, we add the further condition that, prior to any application for reinstatement, respondent shall also make full restitution to those clients whose claims have not been paid by the Clients' Security Fund, with interest at the legal judgment rate. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., CONCUR.

———————————